**PROSKAUER ROSE LLP**
Brian S. Rosen
Joshua A. Esses
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PSV ADMINCO 2019 LLC, | ) | Case No. 20-11848 (MG) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| HERMITAGE OFFSHORE SERVICES LTD. | ) | Case No. 20-11850 (MG) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| CB HOLDCO LIMITED, | ) | Case No. 20-11851 (MG) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| BLUE POWER LIMITED, | ) | Case No. 20-11852 (MG) |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELTA CISTERN V LIMITED, | ) | Case No. 20-11853 (MG) |
|        Debtor. | ) | |
| In re: | ) | Chapter 11 |
| SIERRA CISTERN V LIMITED, | ) | Case No. 20-11854 (MG) |
|        Debtor. | ) | |
| In re: | ) | Chapter 11 |
| PETRO CRAFT 2017-1 SHIPPING COMPANY LIMITED, | ) | Case No. 20-11855 (MG) |
|        Debtor. | ) | |
| In re: | ) | Chapter 11 |
| PETRO CRAFT 2017-2 SHIPPING COMPANY LIMITED, | ) | Case No. 20-11856 (MG) |
|        Debtor. | ) | |
| In re: | ) | Chapter 11 |
| PETRO CRAFT 2017-3 SHIPPING COMPANY LIMITED, | ) | Case No. 20-11857 (MG) |
|        Debtor. | ) | |
| In re: | ) | Chapter 11 |
| PETRO CRAFT 2017-4 SHIPPING COMPANY | ) | Case No. 20-11858 (MG) |

| | | |
|---|---|---|
| LIMITED,<br>    Debtor. | ) ) ) ) | |
| In re:<br>PETRO CRAFT 2017-5 SHIPPING COMPANY LIMITED,<br>    Debtor. | ) ) ) ) ) ) ) | Chapter 11<br>Case No. 20-20-11859 (MG) |
| In re:<br>PETRO CRAFT 2017-7 SHIPPING COMPANY LIMITED,<br>    Debtor. | ) ) ) ) ) ) ) | Chapter 11<br>Case No. 20-20-11861 (MG) |
| In re:<br>PETRO CRAFT 2017-8 SHIPPING COMPANY LIMITED,<br>    Debtor. | ) ) ) ) ) ) ) | Chapter 11<br>Case No. 20-11862 (MG) |
| In re:<br>PETRO COMBI 6030-01 SHIPPING COMPANY LIMITED,<br>    Debtor. | ) ) ) ) ) ) ) | Chapter 11<br>Case No. 20-11863 (MG) |
| In re:<br>PETRO COMBI 6030-02 SHIPPING COMPANY LIMITED,<br>    Debtor. | ) ) ) ) ) ) ) | Chapter 11<br>Case No. 20-11864 (MG) |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PETRO COMBI 6030-03 SHIPPING COMPANY LIMITED,<br>            Debtor. | ) ) ) ) ) ) | Case No. 20-11865 (MG) |
| In re: | ) ) | Chapter 11 |
| PETRO COMBI 6030-04 SHIPPING COMPANY LIMITED,<br>            Debtor. | ) ) ) ) ) ) | Case No. 20-11866 (MG) |
| In re: | ) ) | Chapter 11 |
| HERMIT STORM SHIPPING COMPANY LIMITED,<br>            Debtor. | ) ) ) ) ) ) | Case No. 20-11868 (MG) |
| In re: | ) ) | Chapter 11 |
| HERMIT VIKING SHIPPING COMPANY LIMITED,<br>            Debtor. | ) ) ) ) ) ) | Case No. 20-11869 (MG) |
| In re: | ) ) | Chapter 11 |
| HERMIT PROTECTOR SHIPPING COMPANY LIMITED,<br>            Debtor. | ) ) ) ) ) ) | Case No. 20-11870 (MG) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HERMIT GUARDIAN SHIPPING COMPANY LIMITED, | ) Case No. 20-11871 (MG) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| | ) |
| HERMIT THUNDER SHIPPING COMPANY LIMITED, | ) Case No. 20-11872 (MG) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| | ) |
| DELTA PSV NORWAY AS, | ) Case No. 20-11873 (MG) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| | ) |
| NAO NORWAY AS, | ) Case No. 20-11874 (MG) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| | ) |
| HERMIT GALAXY SHIPPING COMPANY LIMITED, | ) Case No. 20-11875 (MG) |
| Debtor. | ) |

5

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| HERMIT HORIZON SHIPPING COMPANY LIMITED, | ) ) ) | Case No. 20-11876 (MG) |
| Debtor. | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| HERMIT POWER SHIPPING COMPANY LIMITED, | ) ) ) | Case No. 20-11877 (MG) |
| Debtor. | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| HERMIT PROSPER SHIPPING COMPANY LIMITED, | ) ) ) | Case No. 20-11878 (MG) |
| Debtor. | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| HERMIT FIGHTER SHIPPING COMPANY LIMITED, | ) ) ) | Case No. 20-11879 (MG) |
| Debtor. | ) ) ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Hermitage Offshore Services Ltd. ("Hermitage"), and its affiliated debtor subsidiaries (together with Hermitage, the "Debtors" and, together with Hermitage's affiliated non-Debtor subsidiaries, the "Company") hereby submit this motion (the "Motion"), seeking entry of an order (the "Order"), under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy

6

Code") and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and (ii) waiving the requirement that the captions in these chapter 11 cases contain certain identifying information with respect to each Debtor. In support of this Motion, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are Bankruptcy Code section 342(c) and. Bankruptcy Rules 1015(b) and 2002(n).

**Background**

3. On August 11, 2020 (the "Petition Date"), each of the above-captioned Debtors commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtors have requested joint administration of these chapter 11 cases by motion filed concurrently herewith. No trustee or examiner has been appointed in these chapter 11 cases. As of the Petition Date, no creditors' committee has been appointed.

5. The Debtors are an integrated offshore support vessel ("OSV") company. The Debtors' OSVs are all focused on, and used primarily in, the oil and gas business, including in the installation, maintenance, and movement of oil and gas platforms. Demand for the Debtors' services, as well as its operations, growth, and stability in the value of the OSVs depend on activity in offshore oil and natural gas exploration, development, and production.

6. The Debtors' fleet consists of twenty-one (21) OSVs, consisting of ten (10) platform supply vessels ("PSVs") and eleven (11) crew boats ("Crew Boats"). The OSVs are owned by various Debtor entities (collectively, the "OSV Owners"). All ten of the Debtors' PSVs operate in the North Sea, and the Crew Boats operate in West Africa.

7. Additional facts and circumstances supporting this Motion are set forth in the *Declaration of Christopher Avella Pursuant to Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith and incorporated by reference herein (the "First Day Declaration").

### Relief Requested

8. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing the procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Hermitage Offshore Services, Ltd. (the ultimate parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

[*Caption on following page*]

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HERMITAGE OFFSHORE SERVICES LTD., *et al.*,[1] | ) Case No. 20- 11850 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors are: Hermitage Offshore Services Ltd.; CB Holdco Limited; Blue Power Limited; Delta Cistern V Limited; Sierra Cistern V Limited; Petro Craft 2017-1 Shipping Company Limited; Petro Craft 2017-2 Shipping Company Limited; Petro Craft 2017-3 Shipping Company Limited; Petro Craft 2017-4 Shipping Company Limited; Petro Craft 2017-5 Shipping Company Limited; Petro Craft 2017-7 Shipping Company Limited; Petro Craft 2017-8 Shipping Company Limited; Petro Combi 6030-01 Shipping Company Limited; Petro Combi 6030-02 Shipping Company Limited; Petro Combi 6030-03 Shipping Company Limited; Petro Combi 6030-04 Shipping Company Limited; Hermit Storm Shipping Company Limited; Hermit Viking Shipping Company Limited; Hermit Protector Shipping Company Limited; Hermit Guardian Shipping Company Limited; Hermit Thunder Shipping Company Limited; Delta PSV Norway AS; NAO Norway AS; Hermit Galaxy Shipping Company Limited; Hermit Horizon Shipping Company Limited; Hermit Power Shipping Company Limited; Hermit Prosper Shipping Company Limited; Hermit Fighter Shipping Company Limited; and PSV Adminco 2019 LLC (Last Four Digits of Federal Tax ID: 0794).

9.     The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of Bankruptcy Code.

10.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors` cases to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Hermitage Offshore Services Ltd. Case No. 20-11850 (MG); CB Holdco Limited Case No. 20- 11851 (MG); Blue Power Limited Case No. 20- 11852 (MG); Delta Cistern V Limited Case No. 20- 11853 (MG); Sierra Cistern V Limited Case No. 20- 11854 (MG); Petro Craft 2017-1 Shipping Company Limited, Case No. 20-11855 (MG); Petro Craft 2017-2 Shipping Company Limited, Case No. 20-11856 (MG); Petro Craft 2017-3 Shipping Company Limited, Case No. 20-11857 (MG); Petro Craft 2017-4 Shipping Company Limited, Case No. 20-111858 (MG); Petro Craft 2017-5 Shipping Company Limited, Case No. 20- 11859 (MG); Petro Craft 2017-7 Shipping Company, Case No. 20- 11861 (MG); Petro Craft 2017-8 Shipping Company Limited, Case No. 20- 11862 (MG); Petro Combi 6030-01 Shipping Company Limited, Case No. 20-11863

(MG); Petro Combi 6030-02 Shipping Company Limited, Case No. 20-11864 (MG); Petro Combi 6030-03 Shipping Company Limited, Case No. 20-11865 (MG); Petro Combi 6030-04 Shipping Company Limited, Case No. 20-11866 (MG); Hermit Storm Shipping Company Limited, Case No. 20-11868 (MG); Hermit Viking Shipping Company Limited, Case No. 20-11869 (MG); Hermit Protector Shipping Company Limited, Case No. 20-11870 (MG); Hermit Guardian Shipping Company Limited, Case No. 20-11871 (MG); Hermit Thunder Shipping Company Limited, Case No. 20-11872 (MG); Delta PSV Norway AS, Case No. 20-11873 (MG); NAO Norway AS, Case No. 20-11874 (MG); Hermit Galaxy Shipping Company Limited, Case No. 20-11875 (MG); Hermit Horizon Shipping Company Limited, Case No. 20-1186 (MG); Hermit Power Shipping Company Limited, Case No. 20-11877 (MG); Hermit Prosper Shipping Company Limited, Case No. 20-11878 (MG); Hermit Fighter Shipping Company Limited, Case No. 20-11879 (MG); PSV Adminco 2019 LLC , Case No. 20-11848 (MG).  The docket in Hermitage Offshore Services Ltd. Case No. 20-11850 (MG) should be consulted for all matters affecting this case.

11.     The Debtors also seek authority to fulfill their monthly operating report requirements required by the *Chapter 11 Operating Instructions and Reporting Requirements*, issued by the United States Trustee (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information on a debtor-by-debtor basis in each monthly operating report.

**Basis for Relief**

12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 19, 2018); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 5, 2018); *In re Glob. A&T Elecs. Ltd.*, Case No.

10

20-11856-mg    Doc 2    Filed 08/12/20    Entered 08/12/20 15:04:34    Main Document
Pg 11 of 13

17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 19, 2017); *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2017); *In re BCBG Max Azria Glob. Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 2, 2017).

14. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

15. The Debtors also propose that all pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable). Moreover, the full tax identification numbers and previous names, if any, will be listed in the petitions for each Debtor, and such petitions are publicly available to parties, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have bene satisfied.

16. Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that Debtors' caption and other notices mailed in these chapter 11 cases include the Debtors' tax identification numbers and other information relating to the Debtors is appropriate in these chapter 11 cases. Including the Debtors' tax identification numbers and addresses on each caption would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of the tax identification number and

11

address requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading they file and notice they mail a footnote listing all of the Debtors and the last four digits of their tax identification numbers (if applicable).

17. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

18. To implement the foregoing, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

19. The Debtors have provided notice of this motion to the following parties or their respective counsel (the "Notice Parties"): (a) William K. Harrington, United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Rm 1006, New York, NY 10014; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for DNB Bank ASA; (d) counsel for Skandinaviska Enskilda Banken AB (Publ); (e) the United States Attorney's Office for the Southern District of New York; (f) counsel to Scorpio Services Holding Limited; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

20. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 12, 2020
New York, New York

        /s/ *Brian S. Rosen*
        Brian S. Rosen

**PROSKAUER ROSE LLP**
Brian S. Rosen
Joshua A. Esses
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Counsel to the Debtors*
*and Debtors in Possession*